**In the Matter of Walter Glenn KOBIELA, Bankrupt.**

**No. B 0128.**

United States District Court
D. Nebraska.
June 26, 1957.

Robert H. Berkshire, Asst. U. S. Atty., Omaha, Neb., for petitioner.

ROBINSON, Chief Judge.

We are asked to review the Referee's order determining the priority of payment between two valid tax liens. The significance of the lien rank lies in the fact that funds are not available to satisfy one claim entirely, whichever one is preferred.

The District Director of Internal Revenue for the District of Nebraska made an assessment of, and a demand for, unpaid income, withholding, and Federal Insurance Contributions

Act, 26 U.S.C.A. § 1400 et seq. taxes on November 10, 1955, against the present bankrupt. This would create, as of that date, a statutory lien in favor of the United States upon all property and rights to property belonging to the bankrupt for the unpaid federal taxes. 26 U.S.C.A. §§ 6321 and 6322, I.R.C.1954. The District Director filed a notice of lien covering the assessment on December 14, 1955, with the Register of Deeds for Dodge County, Nebraska. Stipulation of Facts, Paragraph 5. Until this is done, the statutory lien would not be valid as against any mortgagee. 26 U.S. C.A. § 6323(a) (1).

█ The Commissioner of the Department of Labor for the State of Nebraska caused to be recorded in the chattel mortgage records and in the real estate mortgage records of Dodge County, on November 25, 1955, a statement showing unemployment contributions and interest in default on the part of the bankrupt. By state law this statement, when so recorded, immediately became, or was effective as, a lien of a mortgage on all of the real and personal property of the defaulting employer, "subject only to lien of taxes and liens of prior record". Section 48–657, R.R.S.1943 (Nebr.). Prior to the filing of the notice of lien, however, the Commissioner had no statutory lien.

The Referee awarded the balance of the funds held by the Trustee (amounting to $520.96) to the Commissioner to apply on his claim, having determined that it was entitled to first payment. See Order of Referee, December 10, 1956. The United States government objects to this ruling, and in its Petition for Review claims that the lien of the Department of Labor is not a mortgage within the meaning of 26 U.S.C.A. § 6323 and, furthermore, that the said lien is, by the express provisions of Section 48–657, R.R.S.1943, subject to a "lien of taxes".

█ In our opinion the first objection is not well taken. Collier has expressed as adequately as words might the rule which applies here. " * * * The ac-

tual existence and effect of all liens, claims, and equities, as distinguished from validity or invalidity under the provisions of the Bankruptcy Act, is a matter to be determined by the appropriate state law, as expounded by the decisions of the state courts. If anything was needed to settle this proposition, Erie Railroad Company v. Tompkins (304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487) has done so." 4 Collier on Bankruptcy, 14th ed., 1347. By statute the Commissioner of the Department of Labor, upon recording a statement of the contributions in default, will enjoy the status of a mortgagee, which is to say that he is considered to be in the position of one holding a mortgage. We are thus without authority to determine his status otherwise. Whether this provision of the statute is controlling over the federal revenue laws is a question we need not decide as the provision is not without its relevant limitations.

The state law subjects the mortgage thus established to a "lien of taxes" and to "liens of prior record". These limitations are significant. The government's lien is not a lien of prior record. It does, nevertheless, satisfy the requirements of a lien of taxes—indeed, there is no question but that it is one. The only problem is whether the identification of the government's lien as a lien of taxes would effect a priority thereunder, despite the fact that the Commissioner has by state law the status of a mortgagee.

██ We think it does. The state law which endows the Commissioner with the status of a mortgagee, thus entitling him to the advantage of Section 6323 of the Code, also subordinates that status to the interests of specified lienholders. And if we must look to the state law for a determination of the Commissioner's status, we are obliged to accept that status as given, namely, with all of the limitations or qualifications thereby imposed. It is nowhere stated that such a lien refers only to state or local taxes, and there is no apparent reason why it

492

should. Ordinarily, then, we may consider that, for the purposes of Section 6323, the requirement of prior notice is necessary, unless the state law does not require notice to subordinate a mortgagee's claim to a tax lien. In other words, the same rule for determining priority should exist for both state and federal tax liens, or at least, no more stringent rule should apply to the latter. We are thus persuaded that, should a statutory lien for unpaid federal taxes arise prior to, but be recorded after, the recordation of a mortgage, or a claim having the effect of a mortgage, that lien is not invalidated by Section 6323 for lack of prior notice when, by state law, the mortgage itself is subject to unrecorded liens of taxes. We so hold.

In view of this conclusion, the Petition for Review is allowed. Responding to its prayer, the Court directs the Referee to reconsider his Order so as to permit the government's tax lien to receive first payment.

Petition allowed.